IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHERRY RENA HUDSON,           )
                              )
        Plaintiff,            )
                              )
v.                            )     CASE NO.: 1:17-cv-192-GMB
                              )     [WO]
NANCY A. BERRYHILL, Acting    )
Commissioner, Social Security )
Administration,               )
                              )
        Defendant.            )

## MEMORANDUM OPINION AND ORDER

Plaintiff Sherry Rena Hudson applied for supplemental security income and disability insurance benefits under the Social Security Act, alleging a disability onset date of December 3, 2013. Hudson's claim was denied at the initial administrative level. Hudson requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ found that she was not disabled. R. 126. The Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. R. 1. The Commissioner's final decision is subject to judicial review. 42 U.S.C. §§ 405(g) & 1383(c)(3). Hudson subsequently filed a complaint seeking review of the Commissioner's final decision in this court.

Pursuant to 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge. Docs. 11 & 12. Based upon a review of the evidentiary record,

the parties' briefs, and the relevant authority, the court finds that the Commissioner's decision is due to be REVERSED and REMANDED, as set forth below.

## I. STANDARD OF REVIEW

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth*, 703 F.2d at 1239. The court

must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Id.* (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A claimant bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

(1) Is the claimant performing substantial gainful activity?
(2) Does she have a severe impairment?
(3) Does she have a severe impairment that equals one of the specific impairments set forth in 20 C.F.R. Pt. 404, Sub pt. P, App. 1?
(4) Is the claimant able to perform past relevant work?
(5) Is the claimant unable to perform other work given her residual functional capacity (RFC), age, education, and work experience?

*See Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); *Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III. FACTUAL BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

Hudson was 42 years old on the alleged disability onset date and 44 years old at the time of the ALJ's decision. Hudson could read, had completed the seventh grade, and had worked as a food manager, food sales clerk, sales attendant, cashier checker, and photographer in the past.

The ALJ found that Hudson had the following severe impairments: degenerative disc disease of lumbar spine, status post lumbar fusion, obesity, and depressive disorder.

R. 132.  The ALJ concluded that Hudson's hypertension and anxiety were non-severe. R.

132.  The ALJ found that Hudson's impairments did not individually or collectively meet

or equal any of the impairments listed in 20 C.F.R. pt. 404, Sub pt. P, App 1. R. 133.

Specifically with regard to Hudson's back impairment, the ALJ found as follows:

> The claimant's back impairment has been considered under the requirements
> of Listing 1.04.  However, the claimant has not been observed to have reflex
> abnormalities, motor incoordination, decreased muscle strength, joint
> deformities, gait abnormalities, muscle atrophy, substantial limitation of
> range of motion, or significant muscle spasm.

R. 133.  The ALJ also found that Hudson retained the RFC to perform a reduced rate of

light work and could not return to past relevant work. R. 134.  Ultimately, the ALJ

concluded that Hudson was not disabled within the meaning of the Social Security Act. R.

142.

## IV.  DISCUSSION

Hudson presents three issues to this court: (1) whether the ALJ erred in evaluating

Listing 1.04 by applying an improper legal standard which placed a higher burden on

Hudson than the listing required; (2) whether the ALJ's finding of lifting limitations in the

RFC is supported by substantial evidence, and (3) whether the ALJ erred as a matter of law

when she failed to find that Hudson was disabled through testimony of pain or other

subjective symptoms.  The Commissioner argues that the ALJ's decision is supported by

substantial evidence and should be affirmed.  Having carefully considered the parties'

arguments, the record, and the applicable legal authority, and for the reasons set forth

below, the undersigned finds that the Commissioner's decision is due to be REVERSED

and REMANDED for failure to apply Listing 1.04 properly.[1]

Hudson has argued that in applying Listing 1.04, the ALJ placed a higher burden on

Hudson than that which is required by the listing.

Listing 1.04 provides as follows:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> > A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
> >
> > B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
> >
> > C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

As noted above, the ALJ made findings that Hudson did not have a substantial

limitation in range of motion or significant muscle spasm. R. 133. The ALJ also found that

Hudson did not have joint deformities. R. 133. Finally, the ALJ stated that Hudson did not

---

[1] Because this case is due to be remanded on this discrete issue, the court does not address the other issues raised in Hudson's brief. *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1323 n.10 (11th Cir. 2015); *see also Spivey v. Berryhill*, 2018 WL 1546358, at *5 (M.D. Ala. Mar. 29, 2018). However, the court expects that the Commissioner will consider those arguments on remand as well and will develop the record as is necessary in areas not expressly considered in this opinion. *Spivey*, 2018 WL 1546358, at *5.

have reflex abnormalities, without making a finding as to whether Hudson had sensory loss. R. 133. Hudson argues that in making these findings, the ALJ applied the wrong legal standard because Listing 1.04 does not require a finding of a "substantial" limitation of motion of the spine, significant muscle spasm, or joint deformities, and that reflex loss is stated in the disjunctive in the listing. In concluding that Listing 1.04 did not apply, Hudson argues that the ALJ found that Hudson did not suffer from limitations that are not required for Listing 1.04 to apply. In other words, her position is that the ALJ impermissibly raised the bar.

The Commissioner does not respond to this argument. Instead, the Commissioner points to Hudson's medical records and argues that Hudson did not show that her condition met the first paragraph of Listing 1.04, or subsection A or C, and that ALJ's findings are supported by substantial evidence.

Other courts have rejected an application of Listing 1.04 which required a "significant" range of motion. *See, e.g., Kastner v. Astrue*, 697 F.3d 642, 649 (7th Cir. 2012). These courts have noted that the "impairment listings for disorders of the spine were revised in 2001 with the express purpose of relaxing the limitation-of-motion requirement" from the "earlier version [that] had required limitation of motion of the spine to be 'significant.'" *Id.*; *see also Revised Medical Criteria for Determination of Disability, Musculoskeletal System & Related Criteria*, 66 FR 58010-01, 2001 WL 1453802, at 58011 (November 19, 2001). "Significant" was thought to be unnecessary because "any restriction on movement that a doctor considers a medical limitation of motion will satisfy this element of the listing." *Kastner*, 697 F.3d at 649.

In *Walker v. Colvin*, 2016 WL 8669936, at *5 (D. Md. Sept. 15, 2016), the ALJ made a finding that a claimant's records did not reflect significant weakness or significant sensory loss. Upon review, the court explained that Listing 1.04 no longer requires a finding of "significant" limitation and found to be improper the ALJ's conclusion that a functional limitation on the "milder side" did not meet Listing 1.04. *Id.*

In this case, the ALJ made findings that Hudson did not have a "substantial" limitation on range of motion or significant muscle spasm. Neither of these findings is required by Listing 1.04. *See Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria*, 2001 WL 1453802, at *58018 (stating that the Social Security Administration "also removed the requirement for muscle spasm in current listing 1.05C because the finding usually reflects an acute condition that will not persist for a year [and observing that] because spasm is often an intermittent finding, it may not be present on a given examination even though an individual might otherwise be significantly limited"). The ALJ's findings of no joint deformity and of no reflex loss, without a consideration of sensory loss, also go beyond the requirements of the listing. The court agrees with Hudson, therefore, that the ALJ improperly applied Listing 1.04.

The Commissioner has argued that there is substantial evidence which supports a finding that Hudson does not have an impairment that meets Listing 1.04. Essentially, the Commissioner asks the court to review the medical evidence under the correct legal standard and conclude that the ALJ's finding that Listing 1.04 is not met is supported by substantial evidence. This court, however, cannot affirm "simply because some rationale might have supported the ALJ's conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d

1176, 1179 (11th Cir. 2011).  Instead, the court must reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

Hudson, on the other hand, argues that the appropriate remedy for the ALJ's error in applying Listing 1.04 is reversal for entry of an award of benefits.  Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  A district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir.1996).  "Generally, a reversal with remand to the [Commissioner] is warranted where the ALJ has failed to apply the correct legal standards." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).  Reversal "for entry of an order awarding disability benefits," should occur only when the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Id.*  The court concludes in this case that it is appropriate to reverse and remand for further consideration under the correct legal standard. *See Vaughn v. Heckler,* 727 F.2d 1040, 1043 (11th Cir. 1984) (finding an error of law and remanding for further consideration); *Spivey v. Berryhill*, 2018 WL 1546358, at *5 (M.D. Ala. Mar. 29, 2018) (reversing for use of improper legal standard and remanding

for further consideration); *Williams v. Astrue*, 2010 WL 3167859, at *2 (M.D. Ala. Aug. 6, 2010) (remanding for further consideration where ALJ committed error but it was not clear that claimant's impairments equaled a listed impairment).

## V. CONCLUSION

Based on the foregoing, it is ORDERED that the decision of the Commissioner is REVERSED and REMANDED for further consideration with the following instructions:

1.     The Commissioner shall reevaluate whether Hudson has a severe impairment that equals Listing 1.04, using the standard currently provided in 20 C.F.R. § Pt. 404, Subpt. P, App. 1.; and

2.     Take such other action as may be necessary to resolve this claim properly.

A final judgment will be entered separately.

DONE this 10th day of August, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE